# Gates, &c. *vs* Kennedy & Letcher.

CHANCERY.

## ERROR TO THE GARRARD CIRCUIT.

### *Infants Real Estate.*

*Case* 52.

JUDGE MARSHALL delivered the opinion of the Court.

*October* 16.

CONCEDING, as we are inclined to do, that while a proceeding for the sale of an infant's real estate, is still pending in the Circuit Court—while the sale, though made in the country and reported to the Court, is still incomplete, the purchase money unpaid and no conveyance executed, a motion may be entertained on behalf of the purchaser, for quashing the sale and cancelling the sale bonds, on the ground of irregularity in the proceeding; such a motion must be regarded as addressed to the sound equitable discretion of the Court, which, paying due regard to the stability and object of the proceeding which it has authorized, should only favor the motion as the means of preventing the injustice of the purchaser's being compelled to pay the price of the estate sold under its authority, when, by reason of the irregularity of its own proceedings, he would have no certain benefit from his purchase. If, therefore, when such a motion is made during the pendency of the proceeding, the irregularities complained of are of such a nature as that they may be cured before its termination, it seems to us that the Court should not at once, quash the sale without giving a reasonable opportunity for curing the defects, and if all substantial objections should be done away in a reasonable time, it would be an abuse of discretion, then to grant the motion.

In this case, Kennedy, whose land had been sold under the petition of his guardian and the order of the Court, having arrived at full age before the motion to quash was made, swore to and filed a bill as an amendment or supplement to the petition, in which he made the purchaser and others defendants, and besides stating several facts which go to show that the sale ought to have been made and that it ought to be completed, tenders a bond obliging

*Margin note:* Sale of infants' estate on bill filed by guardian for that purpose, though there may be irregularities in the proceeding, yet if the infant arrive of full age and file his amended bill on oath, waiving these irregularities it will be sufficient.

him to make title to the purchaser, and prays that the contract may be specifically enforced.

We cannot doubt that if the Court had jurisdiction of the case and of the estate of the infant, on the petition filed, his appearance and ratification of the sale, after he had attained full age, and while the cause was still pending and the sale itself incomplete, and within the power of the Court, was a waiver of all irregularities in the mere form of the proceedings, such as the alledged defect in the order appointing Commissioners to value his estate, in the report of the Commissioners, and in the bonds given by the Commissioner who made the sale. And even the failure to make him a party before the sale, as required by the act of 1836, (*Ses. Acts*, 213,) must be considered as being fully supplied, and all objections on that account, removed by his making himself a party, when of full age, and assenting to the sale while the suit was pending and the sale itself incomplete.

If the Court had jurisdiction of the case in the first instance, it had authority to act for the infant, and however irregular and unobligatory its subsequent action might have been, and although the sale might even have been void if he had not become a party and sanctioned it while the proceeding was in progress, it was, in our opinion, capable of confirmation by his act, and by the act of the Court, against the will of the purchaser, while the sale was yet incomplete. We regard the bill filed by Kennedy, on oath, after he came of age, as waiving all objections on his part, and supplying all omissions in the proceeding which could be supplied. And as it furnished, moreover, full opportunity to the purchaser to make all objections to the enforcement of the sale, other than those pertaining to the mere form of the proceeding, and placed it fully in the power of the Court to insure a good title to them, and in fact to do complete equity in the case, we are of opinion that there was no error, nor abuse of discretion in overruling the motion to quash, and leaving the purchasers, to present their case in their answer to Kennedy's bill, if the Court had jurisdiction.

The only question then is, whether the Court had jurisdiction of the case in the first instance; and the only

Qu.—Will the

GATES &c.
*vs*
KENNEDY &
LETCHER.

failure of the guardian to make oath, the bill filed for such purpose render th proceeding void?

ground on which this is denied is, that the petition of the guardian was not sworn to as required by the act. It never has been decided that this omission alone, was sufficient to prevent the jurisdiction from attaching, upon a petition in all other respects regular and formal. In the case of *McKee's heirs* vs *Hann, &c.* (9 *Dana,* 526,) this point was expressly reserved; and we are not now prepared to decide that the omission of the oath is fatal to the jurisdiction, nor are we to be understood as deciding that the sale would have been void if Kennedy had not come in and waived irregularities: we do not regard this point as being presented for decision by the case before us.

Wherefore, the order overruling the motion to quash is affirmed.

*Turner* for plaintiffs : *Harlan* for defendants.

## PETITION FOR A RE-HEARING.

### (By Mr. Turner.)

THE undersigned feels constrained, from a sense of duty to his clients, to ask a re-hearing of this cause, which he can but hope will result in an entire change in the leading principles of the opinion rendered in this case ; and also a change in the result, from an affirmance to a reversal of the decision of the Circuit Court. This hope is not founded on a rash confidence nurtured by former success in petitioning—because the Court has, without exception, overruled all I ever filed; my hope is founded on a matured conviction, after again and again examining the subject, that the doctrines of the opinion delivered, as applied to the act of 1836, authorizing the Chancellor to sell devised estates, under certain restrictions, are erroneous, and calculated, as a precedent, to break down the only check on judicial sales under a statute of more than doubtful policy.

It is conceded that a motion to quash a sale made under a decree of Court, so far as it may be grounded on irregularities in the proceedings, and which do not reach, vitally, the title or jurisdiction, is addressed to the ''equitable discretion of the Court.''

But I differ with the Court in relation to the point of jurisdiction in this case. The Court seems to think that the only objection to the proceedings on the petition for the sale of the land in question, which could in any way reach or approach the jurisdiction of the Court, was the fact that the petition had not been sworn to, and that this omission is not fatal. I think that there is a much more formidable and incurable objection than this, which *goes to the jurisdiction*, and is not a mere irregularity as seems to be considered by the Court, and even as such, not very formidable—it is that the estate petitioned to be sold was devised property, and held by Kennedy as such—and he was in no way made a party to the petition and proceedings, under which the sale was made.

The act of Assembly of the 20th February, 1836, (see Session Acts of 1835, page 213,) authorizes the sale of infant's estates held by *devise*, and requires the same proceedings as in cases where the property is held by descent; and it further provides that *no sale shall take* place until the infant owner is made a party to the proceedings.

Under the law of 1813, authorizing the sale of infant's estates held by *descent*, the petition of the guardian was sufficient to give jurisdiction, without making the infant a party; that law did not require him to be a party.

But before the passage of the act of 1836, experience had shown that guardians frequently abused the power given by the law of 1813, and that there was no sufficient provision for a check on this abuse. It was supposed that if a sale were prohibited until the infant was made a party, he, *if old enough, if not*, his friends could show to the Court the impropriety of the sale asked by the guardian—at least the proceeding would be more tardy, and give more time for facts to be brought before the Court, and for reflection.

The act of 1836 alone authorizes the sale of infant's devised estates—without that, there is no such *power*, and that law says it shall not be done, that is, that the Court shall have no *power* to decree a sale, *"until the infant is made a party."*

Now the question we are discussing is one of *power*, or the same thing, *jurisdiction*. Courts are more public

agents—attorneys in fact, to do such acts as the government grants them power to do; and whenever they exceed their authority, the act is as clearly void as the act of a private agent would be in a similar case. And can any one doubt that should an attorney in fact, do an act in direct opposition to his written authority, that the act would be void, as respects his constituent, and unobligatory on the party with whom the act was done.

But there is no instance in which a party can be judicially divested of his property, unless he is previously notified of the proceeding, either actually or constructively, according to the equitable doctrines of the common law; and judgments and sales under them, without such notice, are void. He, therefore, who wishes to sustain the validity of a judicial proceeding, must show that it was rendered on notice to the party who it affects, or that by some special law the case is taken out of, or excepted from this general principle requiring notice. In this case the special law is in exact conformity in its requirements with the common law—that is, it required Kennedy to be made a party to the proceedings, and imperatively forbid a sale until he was so made a party. It has often been decided that naming a person as a defendant, does not make him a party until served with process—in this case, Kennedy was neither named as a party, or served with process. Two things are necessary to give a Court power to act—jurisdiction of the subject matter; and of the person of the defendant—which last is acquired by the service of process. This latter has not been done in this case, and hence the proceedings, as to him, were void; they neither passed the title of Kennedy to the purchasers under the decree, nor created any legal or equitable obligation on him to convey the title.

The guardian had no title or interest in the land to pass; Gates, therefore, got nothing by his purchase.

After the sale, and before or after it is carried into execution under the decree, Kennedy could sue in ejectment and recover the land and back rents, if Gates has been let into possession, and the decree and sale would furnish no color of defence. If Gates has made improvements,

he could, neither in a Court of Law or Equity, enforce any compensation for the same.

This being the case, are not the proceedings, decree, and sale equally *void* as against Gates, &c? Is there an instance in the history of jurisprudence, where an act is void as to one party, and obligatory on the other?

We take it for granted that if the sale was void, that the notes given by Gates and sureties could not be enforced. They are *nudem pactum*, taken without legal authority and void. That a Court of Law nor Equity cannot, at the instance of one party, affirm and enforce a void sale—that which is void not being susceptible of confirmation.

The contracts of infants are voidable at their election, not void—but the decree of a Court, rendered without jurisdiction of the *subject matter, or for want of notice to the party* on whose property it is to operate, is void, and no proceeding under it passes any right; and although an infant be that person, the proceeding cannot be confirmed at his election alone. That which is void as to one, is void as to both, and all parties interested, and cannot be confirmed or made obligatory without the assent of all.

In the opinion rendered, the Court seem to think that there is a substantial difference between a sale that is "*void*," and one that is "*absolutely void*," and that the matters producing the first may be supplied by one party, and cannot be so supplied as to the latter.

A distinction between *void* and *voidable* proceedings has always existed—and it has been held, without exception, that the former cannot be confirmed, and that the latter can; but we respectfully contend that acts "*void*," and acts "*absolutely void*," cannot be confirmed, except with the assent of all parties interested, which amounts to a new contract.

Therefore, as it is hoped it has been shown that the proceedings and sale were void in this instance, and Gates, as the purchaser, having reciprocal rights with Kennedy, to avail himself of the right to abandon the contract, it was not in the power of the latter, against the will of the former, to remove the objections to the decree and sale, and enforce the same.

Landed estate as often rises in price as declines, and the hardship of one case may, therefore, fall on one side, and of another, on the other—but principles are always the same, and should govern at all times.

This is the first case in this Court, under the statute of 1836, and the importance of the principles involved requires that it should be fully and maturely considered; and it does seem to the undersigned, that if the Legislature, who passed this act, and especially those who struggled for the conservative provision under consideration, had been asked the effect of a decree and sale of an infant's estate, held by devise, without making the infant a party, they would, with one voice, have proclaimed that the decree and sale would be *"void,"* yes, *"absolutely void,"* to all intents and purposes. Whatever the legislative intention was, should be carried into effect.

All which is, with due deference, respectfully submitted.

SQUIRE TURNER.

Petition overruled.                    Dec. 23, 1842.